GRAHAM v. DOE on the demise of McDONALD.

After judgment in ejectment in the Circuit Court for the lessor of the plaintiff, the defendant filed a petition under the occupying claimant law, which was resisted; and the president judge being absent, the associate judges, who were divided in opinion, placed the result of their deliberations upon the record as follows: Being divided in opinion we cannot agree upon the propriety of allowing or overruling said motion. Then followed the petition. No judgment was rendered, nor motion interposed at the proper time for a new trial, nor bill of exceptions taken, nor was the evidence inserted in the record.

Held, that there was no action of the Court from which either party could appeal or prosecute a writ of error.

Held, also, that in legal contemplation, the petition was still pending in said Court; and, semble, that on motion a judgment might yet be entered nunc pro tunc, or the petitioner might have the petition docketed and proceed de novo.

Semble, also, that after judgment in ejectment, a proceeding commenced under the occupying claimant law of 1843 is invested with the attributes of an independent action, and may, the judgment in ejectment being suffered to rest, be the subject of an appeal to the Supreme Court.

Semble, also, that an appeal by the defendant from the judgment in ejectment could not be taken as a waiver of his claim as an occupying claimant.

ERROR to the *Daviess* Circuit Court.

STUART, J.—Action of ejectment. Verdict and judgment for the lessor of the plaintiff below. *Graham* appealed. After the prayer had been granted and the terms fixed, but before the appeal was perfected, *Graham* filed a petition under the occupying claimant law, which was resisted, and the Court, the associate judges being equally divided, placed the result of their deliberations on the record as follows : Being divided in opinion, we cannot agree upon the propriety of allowing or overruling said motion. Then follows the petition.

There was no motion interposed at the proper time for a new trial, no bill of exceptions, and no evidence in the record. The ejectment part proper has been long since disposed of, and is not before us. The action of the associate judges on the motion to impannel a jury for the assessment of damages, is the only matter argued by counsel.

Nov. Term,
1853.

GRAHAM
v.
DOE.

On this state of facts there does not seem to be any-thing before us for adjudication. The division of opinion between the judges operated as a denial of the prayer of the petition. But it was not followed by the proper judg-ment, nor indeed by any judgment. So that there was no action of the Court from which either party could ap-peal or prosecute error. In the absence of any further act of the parties, the petition is still in contemplation of law pending in that Court. It is presumed that on mo-tion, &c., a judgment might yet be entered *nunc pro tunc;* or *Graham* might have the petition docketed and proceed *de novo*.

The proceeding under the occupying claimant law (R. S. 1843) does not seem to be altogether an incident or mere sequence of the action of ejectment. It is in some mea-sure a statutory appendage to that action; but yet en-tirely different in all its features. The statute gives to the parties the right of appeal or writ of error as in other cases. So that while the judgment in ejectment may be permitted to slumber as satisfactory to both parties, the proceeding under the occupying claimant law may be pending in the superior Court. When once the main fact from which it flows has transpired, that is, a judgment in ejectment (sect. 48), the subsequent proceeding by peti-tion seems to be clothed with the attributes of an inde-pendent action.

In this instance the petition seems to have been pro-perly filed. Whether it superseded the appeal in the ejectment case, might be a different question. But we do not see how the appeal, whether perfected or not, could be taken as a waiver of *Graham's* claim as an occupying claimant. His right to assert that claim was clearly not in the discretion of the Court.

But as there is nothing before us, we would not be un-derstood as deciding any of these questions definitely.

*Per Curiam.*—The writ of error is dismissed with costs.

*E. S. Terry,* for the plaintiff.

*S. Judah* and *D. McDonald,* for the defendant.